Good morning, your honors. I'm David Hall on behalf of plaintiff appellants. I'd also like to reserve three minutes for rebuttal if I may. All right This case concerns claims under the Securities Act of 1933 that were properly commenced in state court Under that statute the Securities Act There's a provision that's explicit and mandatory that gives plaintiffs an absolute choice of forum It bars any removal of claims like this that were properly commenced in state court Mandatory absolute no discretion to the parties. No discretion to the court once commenced in state court these cases stay there defendants removed anyway as Pretext they point to the bankruptcy of a non-party and then point to a discretionary removal provision in the bankruptcy code It doesn't say anything about these types of cases doesn't mention the Securities Act Doesn't say that it was intended to override the Securities Act nothing about the Securities Act That's not how it works. We know that from Supreme Court opinions going back decades. We know that from rads an hour We know that from recent decisions from the Supreme Court like epic v. Lewis that we cite We also know it from this court's decisions controlling decisions Luther is the case that we point to because it concerns the same removal bar under the Securities Act, but there's a wealth of opinions Courts don't pick and choose between statutes. They don't infer an implied repeal on Nothing more than to say so of counsel implied repeal Allowing one statute to override another without an expression of it in the statute is extremely rare. It's disfavored Doesn't come up very often That's for good reason as explained by all the authorities that we point to And there are several requirements that the party proposing that extreme medicine Must satisfy before we even get to the sort of secondary cannons of construction that defendants have, you know led the district court to accept so there's a One circuit decision the Worldcom case and from the Second Circuit that disagrees with you What are your main disagreements with with Worldcom? Thank you, Your Honor. So Worldcom Was you know a two-judge motions panel didn't have full briefing didn't have the benefit of this full appeal But it's also plainly wrong. It misinterpreted the cannons that it did apply specificity and surplus age and I will explain why But it also skipped the threshold step the parties there didn't have for you know I wasn't in the case, but they didn't argue the irreconcilable conflict threshold issue under Rads an hour epic v Lewis so it jumped ahead it assumed there were the parties there assumed there was an Irreconcilable conflict and then engaged in those secondary cannons of specificity and surplus age Here we've we've we haven't waived those arguments. We it's front and center and we can't skip that threshold step Would you agree there is a direct conflict? You know You've got section 22 a saying you cannot remove to federal court and then 1452 a that says for bankruptcy proceedings You can remove where there's jurisdiction bankruptcy jurisdiction. Well, the the question isn't isn't conflict at all I mean all these cases have conflict all the it's Irreconcilable conflict and the Supreme Court in the Ninth Circuit have given courts the tools to reconcile statutes like this one line of authority from the Ninth Circuit that we cite Says where one statute is mandatory and the other is permissive the permissive should give way to the mandatory Well WorldCom said found there's exceptions to both right so section 22a has an exception for class actions and Then section 1452 a has its own Carve-outs. So why is that incorrect? You know if you're you know teeing up exceptions on both sides Why why should we favor one versus the other? so once you get to the Specificity canon that I think WorldCom is speaking to there and it's sort of avoiding the specificity canon because it says Well, you know one statute is not a complete subset of the other so they're both equal I'm gonna move on to we'll move on to other canons That's that's a misapplication of the the specificity canon. We know that from From Radzen our itself. There was there were exceptions to both of those statutes There wasn't a complete overlap The National Bank Act wasn't a complete subset of the Securities Exchange Act and vice versa We also know that since WorldCom the Supreme Court has rejected that Misapplication of the specificity canon. We know it in rad lax, which we cite we know it in M Corp which also involved the bankruptcy removal or Bankruptcy code so that's not how specificity works Even if you get to specificity WorldCom got it wrong WorldCom didn't cite anything. So tell me tell me why Section 22a is more specific than the general removal statute in 1452 a sure your honor. It's really by any measure the The case law explains that you that the court should look to really all the circumstances in determining specific versus general qualitative quantitative proportional absolute numbers Any measure pick your measure it's clearly more specific the removal bar clear. Oh, it's not clear We wouldn't be here if it were clear. So tell us why sure. Thank you, Your Honor Let's start with the qualitative reasons There's the the substantive scope one deals with Securities Act claims brought in state court That's it The other the removal bar under the bankruptcy code could apply to any Substantive claim could be disability claims could be employment claims could be personal injury claims could be securities claims any claim that has any tangential Connection to bankruptcy could potentially get sucked up into that removal provision. So on their face the substantive scope is different Also the call another qualitative difference the removal bar under the Securities Act only benefits plaintiffs It's it's only a protection for plaintiffs The only party that can invoke it rely on it do anything with it our plaintiffs The class of litigants under the removal provision of the bankruptcy code is unlimited Plaintiffs can remove to federal court Not not even intervening non parties can remove to federal court Related parties in consolidated litigation. It's not just defendants. It's any party you also look at the nature of The provisions themselves one is mandatory the Securities Act removal bar that reflects Congress's Intent that it be an absolute bar that always apply the language is no case shall be removed Then you look at the permissive discretionary nature of the bankruptcy removal provision It doesn't require defendants to remove these cases It's they may they may not even after they've been removed courts don't have to keep them there They can remand for any reason they can be an equitable reason. It can be comedy any reason that justice requires We know that that those caveats those those gaps those permissive gaps in the bankruptcy statute are a feature and not a bug We know that because the Supreme Court and things remembered as we explained in our brief Looked at those and contrasted them with other mandatory Provisions and said this is on purpose that Congress passing the bankruptcy removal provisions Understood that it that it's going to impact and come into conflict with other removal provisions and those permissive Features are meant to give way are meant to accommodate not displace The other removal provisions like the removal bar can a state court adjudicate bankruptcy matters Well, I will point out there are no bankruptcy matters in this case, I'm asking you the question Theoretically may a state court adjudicate bankruptcy matters Well, I I think I think they can't adjudicate some non core bankruptcy matters I don't they can't adjudicate core bankruptcy matters There are neither are at issue in this case and I would point out your honor that you know There's sort of just but we're looking at the statute. So we're not looking just at the facts of this case we're looking at the statutes because that's what you're comparing the statute in term of Specificity and we have to look at what the statutes are intended to do, right? So that's why I asked that question about whether or not a state court could adjudicate the bankruptcy Well, well, it could adjudicate some non core bankruptcy and it definitely could adjudicate claims like this That that have at best a tangential connection to a bankruptcy of a non party And we also know that Congress in passing the bankruptcy removal provisions put in those permissive removal and remand options recognizing that even cases that might be Related to a bankruptcy can stay there at the discretion of the parties and based on a case by case specific Assessment by the court. So do you do you agree that there's related to jurisdiction over these claims or no?  We don't we don't agree we contested that the standard in the Ninth Circuit is the same as the third the pay the pay core decisions And it's you know, fairly permissive, isn't it? Well, the word conceivable is pretty permissive But when you look at the decisions that actually interpret what that means the limit is would it require another lawsuit a judgment in another lawsuit to Substantiate the purported basis and here they point to indemnification and contribution Rights that are really hypothetical and never come into play unless they go get a judgment. So even if You know those those rights could suffice In some cases they wouldn't hear because there hasn't been that that other judgment. So go ahead So would your clients have to file a claim in the bankruptcy proceeding? For for this type of case No, no, your honor And and so so the the connection to bankruptcy and the efficiency gains are all illusory the bankruptcy Plan has already been confirmed Defendants after they improperly removed us never tried to transfer us to New York So the idea that this was all to accommodate the bankruptcy is really a fiction It's it's forum shopping by defendants. They want to be in federal court plaintiffs want to be because you were forum shopping, right? Everybody's forum shop Yeah and Congress gave us gave plaintiffs the absolute choice of forum here and we think it should be respected and not over overridden by the bankruptcy code on the other hand the Role of the bankruptcy court has been recognized over and over as uniquely important It's the one forum where all the claims against a party that has been that is declared bankruptcy or is in bankruptcy can be resolved and Allowing your clients to proceed in this competing forum if you will The argument is will undermine this whole carefully constructed System that recognizes that the bankruptcy removal statute is special and Necessary to protect the bankruptcy courts unique competence in administering bankruptcy estates. I didn't make that up It's right out of Royden Miller. But how do you respond? We recognize the importance of the bankruptcy code. There's there's a there's a whole court system for those cases There's hundreds and thousands of those cases every year But but we know from from the the statute itself Congress when they wrote the removal provisions into the bankruptcy code Specifically contemplated that some of these cases aren't going to get vacuumed up into federal court Some of them are going to stay in state court. So that was intentional That's a feature not a bug as the Supreme Court explained in Petrarca things things remembered We also I mean countervailing point your honor I mean, we're talking about the Securities Act passed in 1933 in response to the Great Depression I mean the capital markets of the United States are are are also very very important The reason investors all over the world come to the United States to invest is because of the protections from statutes like this This is a seminal statute it Congress when they passed it was reacting to maybe the greatest financial crisis we dealt with They specifically put in this removal bar to protect plaintiffs to give them the strength to enforce The choice of venue so they can enforce this this very important statute So, I mean if we're really comparing just broad-brush the overall importance of these systems I think the securities laws and the capital markets are Equally important. Let me ask this when we think about irreconcilable conflict between two statutes. I Read your briefing to read it in a more broad sense of if you enforce section 22a Will that frustrate the basic purposes of the bankruptcy code and you would say no that you can create an error exception Appellees Narrow in a little bit more and say it's not that broad of a lens Look more specifically at whether you can do two things at the same time And you can't both remove and bar removal at the same time. So which one is right? We're right your honor As explained, you know, not just in our brief But in rads an hour if you if you look at rads now, which is the seminal case on this And we think of a very persuasive and instructive case a district court case the all-con case that's probably the most thorough Analysis of of WorldCom and how it would interact with a removal bar since WorldCom both of those cases explain that the proper frame is is not whether the Overlapping portion of the Venn diagram reaches a different result. We know that's not the case It's not that just in this case Applying these two narrow portions of the statutes as a whole is that would you reach a different result? Of course, we that just states the question We wouldn't even be in you know Engaging any of these right because in rads an hour you can't both have venue in only one district versus wherever you want Yeah, it was the same and it was the same in this this courts controlling decision in Luther You had the removal bar and then you had the CAF removal provision. It was either getting removed or not. It's this that wasn't Luther was relying more on the specificity versus general. It didn't get into Irreconcilable differences Conflicts rather and I think I think the proper rubric is to move through the irreconcilable Differences apply the Ninth Circuit case law and minor exceptions and mandatory verse permissive before we get to specificity But in all candor the same Considerations come up in both your honor when you look at what's minor exception You look at a lot of the same factors that we point to is why the the removal bar is more specific The impact the relative impact the proportional impact I mean, I think I was trying to think of good analogy, you know The impact on the securities laws is there's you know, these cases or maybe a drop in a puddle But compared to the bankruptcy system as a whole, it's a drop in an ocean. I mean the proportional impact that it'll have is minor as you know to the bankruptcy statute not as clear as I'd hope that would come out but If I may reserve all of the security cases will have a bankruptcy component though Correct your honor, but when you look proportionally there really aren't that many state court Securities Act cases to begin with So you're talking about a puddle to begin with? I mean, I think there have been You know ten a year or something like that that you know There's very very low number of cases to begin with but then when you look at the proportion that are impacted by a bankruptcy You know We do have a handful and that handful is a substantial portion of that already small pool When you look at the ocean of bankruptcy cases Bankruptcy removal cases the number of securities cases that you know, that would be barred by the removal bar is is negligible It's it's a fraction of a fraction of a fraction of a percent We're talking about hundreds of thousands of cases and maybe you know, I think this has come up five times in 40 years So the proportional impact on the bankruptcy code is much lower than the proportional impact on the securities So when it does come up it comes up in terms of many millions of dollars. So in each case certainly it is Impactful. Yeah, these are important cases and and we think that you know I mean Congress gave plaintiffs the right to enforce these laws because these are important interests and they have a lot of removal That's the problem so All right counsel you exceeded your time we'll give you a couple of minutes for thank you very much May please the court Dan Lerman for the defendants World comm was correctly decided the text timing and purpose of the statutes all show that section 1452 authorizes removal of cases that arise under title 11 or relate to a bankruptcy case First the statutes are in a reconcilable conflict. They dictate Excuse me your honor the world calm decide that point Yes, and it did decide that and it's de novo in any event for this world. Yes one question at a time counsel Point me to the language in world calm where the irreconcilable conflict was addressed It Said that they were in direct conflict and it said that you cannot comply with one and the other at the same time That is this court's definition of a reconcilable conflict. Where's the language? This Is a close question as it involves a direct conflict between two unambiguous statutes section 22 a I'm sorry, your honor. This is judge Cabrera's decision at page 90 in the very first paragraph of world calm But later on world calm talks about how when it's talking about Undue burden that something could happen where indemnification agreements with the estate Could affect or do other things. I didn't read it to talk about A conflict and it did say direct conflict, but whether it was irreconcilable Seems pretty absent from this opinion I don't it might not have used the word Irreconcilable, but this court has defined a reconcilable conflict to occur when two statutes dictate opposite results as to a particular matter That's from Novak or when one statute permits what the other prohibits. That's from oil We have that here. You cannot comply with both statutes, but if you want to get your honor Well, I guess what I'd so I'll just I'll tell you how I think about this it seems as if the problem with your case is It hasn't really Meaningfully addressed this presumption against for implied repeal and it is a really strong presumption that comes up in many different Supreme Court cases and in our own cases and I'm having a hard time seeing why The bankruptcy amendments would have impliedly repealed section 22a and Isn't our attempt we have to try to harmonize those statutes together before we reach that point So, how would we Can you address that? Yes three things first of all I think what the presumption against replied repeal says is that we don't Presume an implied repeal unless there's an irreconcilable conflict That's what Rads an hour said Rads an hour first said the first statute is more specific We now ask whether there's an implied repeal that happens when there's an irreconcilable conflict So they're essentially synonymous This court has found implied repeals in Kresge in Novak in Moyle in Glacier Bay in Kresge the first statute Said that Officers of national banks could be fired at will another statute the ADEA said that discrimination on the basis of age Should not be allowed this court held that the second statute prevailed because application of the first one would interfere with the scheme And we have that here just to address your point about harmonization What harmonization means is that if you can comply with both statutes will try and comply with both statutes So you won't impliedly repeal something when you can comply with both That was the case for example and stand up for California where there was nothing in the Indian Gaming Act that said anything about NEPA That's the case in epic systems when there was nothing in the NLRA that said anything about arbitration You could comply with both acts So we're not going to read something into the second act to impliedly repeal it the second part of the harmonization point And I think this court made this clear in both Glacier Bay and Moyle is that when there is a conflict We'll repeal it only to the extent necessary so that we will give effect to the second statute So I think that's all this court is saying with respect to implied repeals as why but why can't we? Infer an implied exception a narrow exception Saying look you can remove for bankruptcy provision for bankruptcy cases under 1452 a except in the narrow context of section 22 a Claims well first of all those narrow exception cases as we state in the brief are really just specificity cases They're just cases where this court stated that the first statute is Specific and a subset of the second the second which we'll get to in a second, but I guess right that that is a way to harmonize to Statutory conflicts you it's a way to harmonize it if you're just saying the first one trumps You could also harmonize they say in the second statute. It's a narrow exception That's what this court said in its on bank decision in Novak So I don't think that narrow exception question stands for some sort of independent doctrine other than the specificity doctrine Because that's just begging the question They don't provide any reason why applying section 1452 here would interfere with the Securities Act the only thing They say is that it denies them an absolute choice of forum, but that also just assumes the conclusion We know that it gives you a right of forum in some cases the question is what happens when there's a direct conflict as here When another specific statute gives you a right of removal We point to many cases and your honor cited the right and Miller treatise which talks about how this is designed to protect the unique Competence of the federal courts in bankruptcy matters. We cite many cases for the proposition that bankruptcy is unique It the Constitution authorizes Congress to create a uniform bankruptcy scheme under federal control Section 1452 was designed to create Centralize all bankruptcy and bankruptcy related litigation in a federal forum We know that 1452 was meant to expand that removal authority according to Justice Ginsburg's decision and things united And so this could have real damage this case and WorldCom are examples WorldCom There were dozens and dozens of state and federal actions There was a single bankruptcy case But there were dozens of other follow-on cases that could interfere with the core purpose Which is to protect the estate and the orderly administration and bankruptcy So Congress recognized this problem and targeted this problem There's no problem the other way the federal courts can Vindicate someone's rights under a federal statute the Securities Act and that's really the only thing they say is that they have a choice of forum But both statutes give someone a certain extent of choice of forum The question is which would do more damage if we're getting to this Repugnancy analysis and every court to address the issue in this circuit and WorldCom Addressed it if it didn't use the word irreconcilable has shown that we're talking about the bankruptcy system as a whole We're not talking about one particular case We're talking about cases that arise under title 11 and that relate to title 11 or or or or correct your honor Yes, and this can have massive impact. It had massive impact in WorldCom it's having massive impact in this case, and that's directly what Congress cared about so I think the Deleterious consequences can be significant So can you explain to me the massive impact because well either we're speaking in a case-specific way or in a general statutory sense And we haven't I mean it's surprising that WorldCom is the only circuit decision that's actually addresses in its 20 years old So these things don't come up on a regular basis and WorldCom was a big You know, right bankruptcy SCP is a big case. Yeah These odd offshoots that that happen and can have reverberations, I suppose. Yeah, I will push back There have been dozens of cases in this circuit. There've been dozens of cases in the Second Circuit They're fewer now because they have a binding precedent, right? But this did happen before WorldCom since then the courts there just applied WorldCom and minimizes the conflict one of the purposes Oh, so let me let me ask this, you know, so we have a bankruptcy proceeding It's all the way over in New York and and and and here's ND Cal cases What actual impact would there be here if at the end of the day the litigation here in California would relate to resolving the securities claims and whether there's liability and Then the bankruptcy court would have to decide or or some other court, you know What what whether indemnification or other contribution requirements apply and in effect the estate? Well, first I'll just suggest that as judge Rawlinson said this is about the statute. It's not about a particular Okay, and these that's it just full stop and these apply to cases that arise under title 11 That includes avoidance actions and cases that might not be court proceedings, but are directly related to the bankruptcy action So it would apply there are certain claims against the property of the estate that cannot be brought in certain state court There are certain claims that directly affect the estate and this statute targets those now the purpose of targeting related to is also to protect the estate because Congress recognized that you could have Duplicative proceedings you could have conflicting judgments. One of the purposes was to avoid jurisdictional disputes Which is what we have here. All of this could affect the estate just as a simple matter even aside from Conflicting judgments of law. We're depleting the estate Where they're already being advanced fees under the DNO policies. That's before we talk about indemnification or contribution We have conflicting discovery demands. That's all in this case. So it does affect the estate in this case Also, I'll say these cases have other than this one have all been consolidated in the federal court that yields certain efficiencies It protects the unique competence of the federal courts in these matters Even if it's not transferred to the bankruptcy court in New York We still have ten cases here that are all in federal court What they want is to have certain state cases that assert claims under the same act and involve the same Defendants be fractured from the federal case where you can't consolidate. You can't relate You can't coordinate and that all further depletes the estate here. Well, let me ask this. I mean it earlier I think you were essentially suggesting that this all boils down to specificity So why do you think these statutes are equally specific and not and one is not more specific than the other? Yes, I will caution that Specificity is important element of this case your honor in Radzenauer itself The court first asked whether it was specific and then it said even so if one interferes with the other we will give effect To that. So I agree specificity is important. I don't think there's quite as Rigorous or procrustean ordering I think you know, we're all getting to what Congress intended here and that's one indication of Congress So you don't want to address? No, I am gonna address it your honor. No, no No, I am clearly addressing the issue and I will and I'm sorry Okay, they are both specific what Radzenauer says is you ask whether one statute is specific and one is general here section 1452 is a targeted bankruptcy specific removal statute It is a specific supplement to the general removal statute and it applies to claims that are related to a specific Bankruptcy case that is in bankruptcy at that time. So the statutes here are both specific but what about the point that you know bankruptcy removal covers a whole range of substantive law as opposed to To grant robust removal authority over these cases that was Excuse me, your honor What does that do to the specificity analysis? I don't think it does anything your honor because The question is whether one is specific and one is general which is more specific. That's the question. I think I'm sorry, your honor. I think I think it's difficult often to say which is more specific because sometimes it's apples No, I don't mean to resist it they are equally specific here your honor This is tethered to a specific bankruptcy, but you need to tell us why they're equally specific You're saying that but you're not explaining to us why in the statutory schemes They're equally because you're under section 1334 either talks about claims arising under title 11, which is a specific thing That's like a fraudulent transfer or an avoidance Question those were created by the bankruptcy law by the bankruptcy code Which was comprehensive federal jurisdiction over all of bankruptcy law in the United States of America And those can only be brought under the bankruptcy law that is just as specific as a Securities Act claim even as to related to claims that is just as specific because it's targeted it has to be related to a specific bankruptcy your case your Honor a specific bankruptcy position is very any number of different things can come up under bankruptcy any legal legal matters Securities that claims of 33 and then you deal with the parties, you know, one of them only relates to plaintiffs being able to remove versus all parties So though that that also seems more general than the Securities Act I disagree your honor If you look at rads an hour the first statute in rads an hour apply to a particular defendant National banks the second was a general a venue provision that applied to anywhere Defendant was located the defendant did business or the act was violated So you had one apply to a specific defendant and when you apply to a national bank if it said plaintiffs or defendants that wouldn't Have changed it It would still been a specific plaintiff or defendant and again the whole purpose here of the removal provision was to expand Removal authority the mere fact that it applies to plaintiffs or defendants does not make it less specific It makes it more robust and that is consistent with the congressional scheme here So they were both specific statutes I'm not sure I understand that but you know the intent to remove and I I don't think anyone's doubting that there is an important Premise behind the intent to remove for bankruptcy matters There is also an important premise behind wanting to bar removal for Securities Act claims. How does that relate to questions of scope? Between the statute. Well, I'm just saying Congress wanted to do both We're trying to find out if Congress intended to impliedly repeal or limit the earlier statute I'm just saying it goes to congressional intent If you look again at Kresge your honor, you could say that claims by or against national bank officers Affect a very small proportion of all cases or all employment discrimination claims But precisely because it was such a targeted Absolute statute that is why this court found a conflict and that's why this court resolved the conflict inflator Later statute because it conflicted with Congress's scheme over employment discrimination I think that's analogous to the case here So the mere fact that it is robust that's consistent with the EDEA which is also robust and applies to a broad variety of claims Why why does it Luther help guide us? Luther also addressed a broad scheme CAFA removal, which has a monetary threshold and some diversity requirements But otherwise you can remove any number of different kinds of claims of class actions under CAFA Versus Securities Act. May I answer your honor? Sure. Of course. Okay. Thank you Luther addressed a different statute Every court in this circuit to address the issue has held that Luther does not control the reason why and that includes Luther itself on remand Initially the district court found no jurisdiction under CAFA This court agreed on remand and applied this court's decision in Luther and said Luther is different The reason why is what CAFA did was relaxed the complete diversity Requirements for diversity jurisdiction with respect to large class actions. That is a procedural mechanism. This is not a procedural mechanism This is a targeted bankruptcy specific statute that Congress enacted as part of the Razzanero is also procedural mechanism I still I mean that we're talking about scope and And whether it's a procedural mechanism or not CAFA allowed for a broader scope of claimants to come before the court in removal Then I don't understand why procedural would make any difference as to a scope Well, it's not targeted to any specific subject matter This is it's still targeted to bankruptcy in a particular bankruptcy petition in cases arising under title 11 Which is a whole chapter of the United States Code devoted to bankruptcy cases. That's not true for diversity jurisdiction your honor So I think it is different not just because cap because class actions are a procedural mechanism But because diversity jurisdiction is different than a specific grant a federal question jurisdiction in 1334 enacted as part of the bankruptcy code. I think that is distinguishable Luther also didn't address whether Section 22 would interfere with the application of anything But it certainly didn't address whether it's removal bar would interfere with 1452 because it didn't address 1452 it also didn't address this place in the statutory scheme including the absence of the except as otherwise provided language Which we believe shows Congress's intent that section 1452 would control in all cases Except for the two enumerated exceptions therein So Luther is distinguishable every court to address the issue has held that Luther is distinguishable that includes Luther itself on Remand and so we believe that Worldcom and judge Cabrera's his decision There was correctly decided and that this court should follow rucham and affirm the decision below Any other questions? Thank you counsel. Thank you. We'll give you two minutes for rebuttal counsel Thank you your honors So Luther provides the roadmap if the court wants to engage the specificity analysis, it's a controlling decision it addresses the same removal bar and The CAFA statute that was compared to the removal bar in that case is is not materially different from 1452 here, so It also lacked the surplus age language from 1441 It also applied to a broad scope of substantive claims and the Ninth Circuit had no problem Applying the specificity analysis comparing the removal bar holding that the removal bar was specific and that CAFA was general and broad so Specific doesn't equal subset. That's what we got below That's what Worldcom said and that's what my opponents, you know argued pretty much up until Today but we haven't heard much about the subset that specificity is only applicable if it's a subset They've seemed to abandon that argument and that's you know, that's accurate Worldcom got that wrong We know that because of Luther we know that because of Radzenour We know that because of the intervening Supreme Court cases like Radlag's and M Corp Also on on whether Worldcom addressed it irreconcilable conflict. It did not Direct conflict is not the same as irreconcilable conflict The definition that because the two statutes would lead to a different result in a specific case That does not mean that the statutes can't be reconciled We know that from Radzenour which explicitly says that you know that the statutes lead to two different Results in a certain case is not enough that just states the question the court then has to try to Reconcile the statutes and we have those tools. We have the tools spelled out under the minor exception cases, and I would point The panel to Judge Rawlinson's Joined her in the dissent in US v. Novak now the result in Novak Turned on some language that isn't present here There was a notwithstanding any other law clause that overrode that was, you know Interpreted by the majority to support an implied repeal but Judge Fletcher's dissent that Judge Rawlinson joined Goes through the minor exception doctrine cites the same case as we do it it and that that is all sound analysis You know the result may have turned on a different day Yes, your honor, but but it turned But it you know the result turned on on language that isn't present here We think that the balance of that analysis should carry the day here I'd also like to point out that a Misstatement the idea that all the cases are in federal court now is just not true there have been some related cases that have been remanded back to state court the The entire bankruptcy regime did not crumble under the weight of those cases in state court We also have a split. So Since Worldcom nationwide, there are cases on our side of the ledger that have held that the securities removal bar Trump's the bankruptcy removal provision those cases were sent back down to state court But we didn't have the sky is falling bankruptcy impact on on the bankruptcy regime that that has been alluded to in this case We also have the impact here the bankruptcy plan was approved We have cases proceeding in state court other cases that were remanded. We have our case that you know has not proceeded to discovery It hasn't been consolidated with the other security cases None of the securities cases have been sent to the bankruptcy in New York, but the bankruptcy plan proceeded fine It got approved it didn't have an impact on the plan So whether you look at the impact on the statute of the whole or you look at the actual impact in cases like this The the sky is falling parade of horribles that we hear about, you know, the bankruptcy. It just it just doesn't materialize All right. Well, I don't think we're looking at it as a parade of horribles We're just looking at the statutory scheme in which one Congress wanted to be more intact. That's the difficult question for us It's a very challenging case and we thank you both for your helpful arguments The case just argued is submitted for a decision by the court that completes our calendar for the day Until 9 30 a.m. Tomorrow morning, thank you
judges: RAWLINSON, SANCHEZ, Rosenthal